BRUCE W. PETERS, ESQ. Town Attorney, Penfield
We acknowledge receipt of a letter from your counsel requesting an opinion about sale of part of the property of a town sewer district created in your town under Article 12 of the Town Law (§§ 190-208-a) in 1962. Article 12-A (§§ 209-209-h) also relates to creation of improvement districts. The two articles provide alternate methods for their creation.
In 1932 the Legislature enacted a provision (Town Law § 61) which, with certain exceptions not here relevant, abolished separate boards of commissioners of town improvement districts and no improvement districts subsequently established under Town Law Article 12 or Article 12-A are run by district commissioners but are governed by town boards as provided in Town Law § 198.
Town Law § 64 sets forth general powers of town boards. Subdivision 2 thereof provides, in part:
 "2. Acquisition and conveyance of real property. May acquire by lease, purchase, or by condemnation in the manner provided by law, any lands or rights therein, either within or outside the town boundaries, required for any public purpose, * * * Lands or rights required for a district purpose shall be acquired by the town board in the name of the district, and the cost thereof shall be a charge upon and assessed against such district. Such district lands and rights may be sold or leased in the manner provided in subdivision twelve of section one hundred ninety-eight of this chapter." (Emphasis supplied.)
Town Law § 198, subdivision 12, authorizes the town board to sell or lease improvement district property; paragraph a thereof provides that if the property is not required for the purposes of the improvement district it may be sold but if it has a value in excess of $1,000 there must be a public hearing before the sale; the provisions concerning the public hearing then follow. Paragraph b of subdivision 12 provides, in part:
 "(b) Notwithstanding any other provision of this chapter, the town board or the commissioners of a district with the approval of the majority of the town board may sell all or any part of the property and facilities of an improvement district to a county, a city, a village, a town, a public authority, a town on behalf of an improvement district, a county on behalf of a county district, or a joint water works system established pursuant to article five-B of the general municipal law, provided, however, that such sale shall have been approved by a majority vote of the qualified electors of the district voting thereon. * * *"
The directions for the conduct of the referendum are then set forth.
The provisions for a referendum are mandatory and are a protective device so that a town board can not deal with itself on such a sale without the approval of the people of the district or can not deal with another municipality or improvement district in connection with such a sale and convey land unless the people of the district are willing that this be done.
In our opinion: real property acquired for use by a sewer district created under Town Law Article 12 or Article 12-A may be sold or leased under the circumstances and pursuant to the method provided by Town Law § 198, subdivision 12; title to sewer district lands should be acquired by the town board in the name of the district; if, through misunderstanding, the title was acquired in the name of the town instead of the district but was acquired for district purposes, the true intent governs and a sale or lease of the property can be accomplished under the circumstances and pursuant to the procedure contemplated for that purpose by Town Law § 198, subdivision 12.
You also state and inquire in your letter: "One final concern that the Town has with respect to ownership of district property has arisen out of the gift of park land by developers. In some cases, park lands are established as special use districts to benefit a particular neighborhood. Should title to the park district land be held by the Town on behalf of the district rather than in the name of the district? If so, is that property subject to real property tax and assessable against the property owners within the district?"
We assume that General Municipal Law § 73 and §§ 140-146 are not applicable to these parks and lands and that there are no special acts of the Legislature in relation thereto.
Town Law § 64, as stated above, sets forth general powers of town boards and provides, in subdivision 8:
 "8. Gifts to town. May take by gift, grant, bequest or devise and hold real and personal property absolutely or in trust for parks or gardens, or for the erection of statues, monuments, buildings or structures, or for any public use, upon such terms or conditions as may be prescribed by the grantor or donor and accepted by said town, and provide for the proper administration of the same."
If the park lands were accepted by the town for the purposes and under the authority of Town Law § 64, subdivision 8, title should be taken in the name of the town, the park lands are held by the town for the benefit of the general public, they may not be alienated except as permitted by special act of the Legislature and they are maintained by the town at general town expense. If a park district was formed under Town Law Article 12 (sections 190-208-a) on petition submitted to the town board, title of such lands should be held in the name of the park district and the park district is governed by the town board. If the town board created a park district on its own motion under Town Law Article 12-A (sections 209-209-h), subject to a referendum on petition, the title to the park property would also be held in the name of the park district and the park district is governed by the town board. Whether the park district was created under either Article 12 or Article 12-A of the Town Law, the land constituting any part or all of the park may be sold under the provisions of Town Law § 198, subdivision 4, at not less than the original cost but the town board must "apply the proceeds of such sale, conveyance or transfer to the purchase of other property for park purposes and improve such property in the manner provided herein."
No matter which method is used to acquire park property, that property is held for the benefit of the public and is not subject to real property taxes. If it was acquired under Town Law Article 12 or 12-A, the cost of acquisition and maintenance of the park is assessable against the property in the park district in the manner provided in the proceedings creating the district.
There may be further inhibitions against alienation of park property acquired, improved or maintained, in whole or in part, with state or federal financial assistance. The statutes under which the assistance was provided would have to be examined to determine whether this would be the case in any particular instance.